# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WILLIE T. PANTHER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   **Case No. CIV-04-1108-L** |
| | ) |
| **RANDALL G. WORKMAN, Warden,** | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging due process violations with respect to disciplinary proceedings conducted at Lexington Correctional Center. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consist with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a response, and Petitioner has filed a traverse to that response, placing the matter at issue. For the reasons set forth hereafter, it is recommended that the petition be denied.

Background

Petitioner is currently incarcerated at the Lexington Correctional Center in Lexington, Oklahoma, pursuant to convictions in the District Court of Tulsa County, Case No. CF-1999. However, Petitioner is not challenging these convictions or sentences; rather, he contends that his due process rights were violated as a result of a disciplinary hearing in which he was found guilty of Possession/Manufacture of Contraband - Alcohol.

On November 12, 2003, prison official Steven Tucker was conducting a "shakedown" of a prison facility storage trailer when he found a one-half gallon Hawaiian Punch jug with Petitioner's name on it. In his offense report, Tucker stated that the jug contained "what appeared to be homemade alcohol." Relevant State Court Records (Record), Exhibit 5, attached Exhibit 2, page 1.[1] Petitioner admitted to the officer that the jug was his and that he had placed it in the trailer. *Id.* Tucker submitted an offense report charging Petitioner with manufacture of intoxicants, a violation of Code 09-8. *Id.* Petitioner received a copy of the report on November 14, 2003, and was advised of his rights in connection with the charge. *Id.* An investigator completed a report which was provided to Petitioner on November 19, 2003. Record, Ex. 5, attached Ex. 2, page 2. The report identified the evidence, copies of which were provided to Plaintiff, including affidavits of two inmate witnesses requested by Petitioner. *Id.* A staff representative was appointed, and the disciplinary hearing was held on November 21, 2003. Petitioner was found guilty of possession/manufacture of contraband, and as a result, he was placed in segregation for thirty days and lost 180 days of earned credits. Record, Ex. 5, attached Ex. 2, page 9.

Petitioner appealed the conviction, but the finding of guilt was affirmed. Record, Ex. 5, attached Ex. 3, pages 3-4. Petitioner further appealed the disciplinary conviction to the DOC Director or Designee. In response to Petitioner's claim on appeal that neither

---

[1]The Record submitted by Respondent consists of documents marked Exhibits 1 through 8. Although certain documents relevant to the disciplinary proceeding are included as part of more than one exhibit, the relevant documents are most easily found at Attachments 2 and 3 to Exhibit 5 - the answer/response in Petitioner's state mandamus action.

the reporting officer nor the hearing officer could determine if the liquid in the jug was actually alcohol rather than tea as he claimed, the Designee found:

> The reliability of the reporting officer and the hearing officer is based on their training and experience. These observations coupled with the physical evidence: the jug, the contents, and the fact that you claimed ownership of the jug, provides enough evidence to meet the "some evidence standard."

Record, Ex. 5, attached Ex. 2, page 10.

Petitioner then filed a petition for writ of mandamus in the District Court of Oklahoma County in which he asserted that he had been denied due process because his misconduct conviction was based on unreliable evidence. Record, Ex. 7. Petitioner requested that prison officials be ordered to reinvestigate the matter and that the contents of the jug be tested to determine whether it contained an alcoholic product. In denying mandamus relief, the district court looked to the mandates of *Wolff v. McDonnell*, 418 U.S. 539 (1974) and found that the "observations of the reporting officer and hearing officer constituted sufficient evidence to determined the contents contained alcohol" and that Petitioner had been "afforded all due process rights to which he is entitled." Record, Ex. 3. The denial was affirmed on appeal by the Oklahoma Court of Criminal Appeals (OCCA). Record, Ex. 1. This habeas action followed.

Petitioner claims, as he did in state court, that his right to due process was violated because the Department of Corrections (DOC) failed to follow its own policy and procedures which required that the contents of the jug be tested to determine whether it contained alcohol as charged. Absent such testing, Petitioner contends there was no evidence upon which to base his conviction. Respondent contends that the disciplinary

action was based on some evidence, and that Petitioner received all the process to which he was entitled. Respondent asserts further that the applicable rules and procedures were followed, and in any event, violation of such rules would not rise to the level of a constitutional violation.

## Analysis

In a Section 2241 proceeding the Court grants relief only when a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Here, Petitioner's claims were adjudicated on the merits by the state courts. Thus, on federal habeas review, deference must be given to the OCCA's determination of the issues raised. *See Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001) ("Although we analyze Mr. Henderson's claim under § 2241, we still accord deference to the [Oklahoma Court of Criminal Appeals'] determination of the federal constitutional issue.") (citing 28 U.S.C. § 2254(d)(1)); *see also Powell v. Ray*, 301 F.3d 1200, 1201 (10th Cir. 2002) (10th Cir. 2002) (construing challenge of the implementation of the Oklahoma Truth in Sentencing Act as arising under § 2241 and according deference to the state courts' conclusion on the federal constitutional issue") (citing *Henderson, supra*); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (discussing "comity and deference to state adjudicatory procedures" in the context of § 2241); *Caserta v. Kaiser*, No. 00-6108, 2000 WL 1616248, at *3 (10th Cir. Oct. 30, 2000);[2] *Still v. Klinger*, No. 98-6227, 1999 WL 569058 (10th Cir. Aug. 4, 1999) (applying § 2254(d) standard to

---

[2]This and all other unpublished dispositions cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

petitioner's challenge to elimination of certain early release programs by the Truth in Sentencing Act).

It is well established that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472 (1995). Inmates who earn sentence credits are entitled to due process protection before such credits may be taken away. *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (inmate's liberty interest in earned credits cannot be denied without the minimal safeguard afforded by the Fourteenth Amendment's Due Process Clause). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To meet the due process standard in an institutional disciplinary proceeding, an inmate must receive (1) advance written notice of the disciplinary charge; (2) an opportunity, consistent with the institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. *Wolff*, 418 U.S. at 563-67. If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985). Judicial review to determined the existence of "some evidence" does not require "examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." *Hill* at 455. Rather, the issue is simply "whether

there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

The record shows that Petitioner received advance written notice of the disciplinary charges and a copy of the documentary evidence against him. Petitioner was provided a staff representative and given an opportunity to present a defense at the disciplinary hearing. Affidavits were presented at the request of Petitioner in which fellow inmates, Monty Bass and Steve Hammonds, testified that Petitioner told them the jug contained tea. Inmate Bass averred that the contents "looked like tea" to him. Record, Ex. 5, attached Ex. 2, page 7. Inmate Hammonds stated that Petitioner told him the jug contained tea, but Hammonds could not say "it was tea in the jug." *Id.*, page 8. Hammonds also stated that Petitioner told him he was going to "hide the jug because we was [sic] having a shakedown." *Id.* The hearing officer specifically stated in writing that he relied on the incident report and the misconduct report, and on the contraband itself which the hearing officer viewed and smelled, specifically finding that it smelled like alcohol. Record, Ex. 5, attached Ex. 2, page 9.

Petitioner contends that the evidence supporting his disciplinary conviction is insufficient because the DOC failed to conduct a test on the contents of the jug as required by OP-060125[3] and that without test results the conclusion of the hearing officer that the jug contained contraband was mere speculation which could not support a

---

[3]The relevant portion of OP-060125 states:
> Evidence relevant and/or material to the alleged offense will be viewed by the disciplinary investigator who will insure a field test is completed if identification remains uncertain.

Record, Ex. 8, OP-060125 (effective May 25, 2004) at Page 5 (Section F(3)).

finding of guilt. According to Petitioner, the hearing officer relied on the bald assertion of the reporting officer in concluding that the jug contained alcohol.

The record establishes that some evidence supports the disciplinary conviction. The hearing officer did not simply rely on the statement of Officer Tucker that the contents appeared to be alcohol; rather, the jug containing the alleged contraband and bearing Petitioner's name was itself entered into evidence and the hearing officer himself observed and smelled the contents of the jug. Thus, in addition to Officer Tucker's observations, the hearing officer relied on his own observations that the contents of the jug smelled like alcohol. This clearly constitutes some evidence in support of the finding that Petitioner was guilty of possessing/manufacturing contraband. Therefore, the undersigned finds that some evidence supports Petitioner's disciplinary conviction. *Hill*, 472 U.S. at 454. *See also Walker v. Edgell*, No. 93-3166, 1993 WL 371408, *2 (10th Cir. Sept. 23, 1993) ("Mr. Walker should realize that the 'some evidence' standard does not require proof with certainty, proof beyond a reasonable doubt or even proof by a preponderance of the evidence."). Accordingly, the state courts' adjudication of this matter was reasonable.

With respect to Petitioner's challenge based on the disciplinary hearing officer's alleged failure to comply with DOC policy, specifically OP-060125,[4] Respondent notes

---

[4] The Tenth Circuit has recognized that prison officials' failure to follow their own procedural rules could implicate the guarantees of the Due Process Clause at least where the omission impacts a petitioner's right to be heard. *See Mitchell v. Maynard*, 80 F.3d 1433, 1444-45 (10th Cir.1996) (analyzing under *Wolff* prisoner's claim that disciplinary hearing violated due process because unreliable evidence was admitted; separately analyzing under *Armstrong v. Manzo*, 380 U.S. 545 (1965) prisoner's claim that disciplinary hearing violated due process because defendants failed to follow their own established policy of banning staff members directly involved in the disciplinary case from being the disciplinary officer because "a fundamental requirement of due process is the opportunity to be heard"). This case does not, however, stand for the

that the relevant DOC policy leaves the discretion of whether to conduct a field test to the disciplinary investigator "if the identification remains uncertain" and contends, in any event, that the identification of the contents of the jug was not uncertain. Response at 8.

The Court need not decide whether prison officials abused their discretion by not ordering a field test, as a prison disciplinary hearing officer's failure to abide by DOC policy, does not necessarily violate the guarantees of the Due Process Clause. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). As previously determined, Petitioner received the minimal due process required by *Wolff, supra*, and some evidence supports the disciplinary hearing officer's findings. Thus, Petitioner's challenge to prison officials' exercise of discretion in following a particular regulation does not implicate a claim of constitutional dimension. *See Godlock v. Fatkin*, No. 03-6003, 2003 WL 22954301, at *4 (10th Cir. Dec. 16, 2003) ("Petitioner does not have cognizable claim for federal habeas relief based solely on the failure of [the correctional facility] to follow particular regulations and directives [in the course of his disciplinary proceedings].") (citing *Turner v. Safley*, 482 U.S. 78, 84 (1987)); *Wilson v. Ramsey*, No. 93-7012, 1993 WL 476422, at *2 (10th Cir. Nov. 19, 1993) (prison officials did not violate due process by failing to explain why an officer

---

proposition that a disciplinary hearing officer's failure to follow prison regulations *per se* violates the Due Process Clause. In this case, Petitioner was afforded the fundamental right to be heard. The disciplinary hearing officer's consideration of the evidence, including Petitioner's admission that jug was his, the reporting officer's statement that the contents of the jug appeared to be alcohol, and his own "viewing and smelling" of the contents of the jug fully support the conviction.

was believed over the petitioner, although such a statement was required by prison policy).

In sum, the undersigned finds that the OCCA's decision that Petitioner had received all the process he was due was reasonable and consistent with relevant Supreme Court law. *Wolff*, 418 U.S. at 564-66; *Hill*, 472 U.S. at 454.

## RECOMMENDATION

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be denied. Petitioner is advised of his right to object to this Report and Recommendation by the 3rd day of February, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The objections should be filed with the Clerk of this Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 14th day of January, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE