IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE T. PANTHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV-04-1108-L |
| ) | |
| RANDALL G. WORKMAN, Warden, ) | |
| ) | |
| Respondent . ) | |

## **O R D E R**

This matter is before the court for review of the Report and Recommendation entered by United States Magistrate Judge Bana Roberts on January 14, 2005, wherein she recommended that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be denied.  In his timely filed objections, petitioner reiterates the arguments presented to the Magistrate Judge and appears to assert that the failure to test the contents of the jar constitutes a violation of Brady v. Maryland, 373 U.S. 83 (1963).

Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  In accordance with this mandate, the court has reviewed the Report and Recommendation, petitioner's objections thereto, and the entire case file.  Based on this review, the court concludes that the Report and Recommendation should be approved and adopted in its entirety.  The Court of Appeals for the Tenth Circuit has not determined whether *Brady* is applicable to

prison disciplinary hearings.  Nonetheless, this court need not resolve that issue because petitioner has not presented a valid *Brady* claim.  While *Brady* requires that the government disclose material evidence in its possession that is favorable to an accused, there is no due process requirement that the government "use a particular investigatory tool".  Arizona v. Youngblood, 488 U.S. 51 58-59 (1988).  Due process did not require that the contents of the jar be tested to determine if it indeed contained alcohol.  As the Court in Youngblood noted, "[t]he situation here is no different than a prosecution for drunken driving that rests on police observation alone".  Id. at 59.  In this case, both the complaining officer and the hearing officer concluded that the jar contained alcohol based on their personal observations.  The Magistrate Judge correctly determined that petitioner is not entitled to habeas relief.

In sum, the Petition for a Writ of Habeas Corpus § 2241 by a Person in Federal Custody (Doc. No. 1) is DENIED.  Judgment will issue accordingly.

It is so ordered this 29th day of April, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge